O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERYN TURNER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 14-1015 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

Plaintiff filed a Complaint herein on May 28, 2014, seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits and Supplemental Security Income. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation ("Jt Stip") on March 6, 2015. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") made a proper step four determination.

2. Whether the ALJ made a proper alternative step five determination.

**DISCUSSION**

As discussed hereafter, the Court finds that the ALJ erred at step four of the Commissioner's sequential evaluation process by finding that plaintiff could return to her past relevant work as a home attendant or cashier. However, the Court finds that the error was harmless because substantial evidence supported the ALJ's alternative determination at step five that plaintiff could perform other work existing in significant numbers in the national economy.

**A.   The ALJ failed to make a proper step four determination (Disputed Issue One).**

Disputed Issue One is directed to the ALJ's determination at step four of the Commissioner's sequential evaluation process that plaintiff could return to her past relevant work as (1) a home attendant as plaintiff actually performed it; or (2) a cashier as that occupation is generally performed in the national economy. (See Jt Stip at 4-11.)

At step four of the Commissioner's sequential evaluation process, a claimant has the burden of showing that he or she can no longer perform his past relevant work. See Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 (e), 416.920(e). An ALJ's determination of whether a claimant is capable of performing his past relevant work may be based on **either** the past relevant work

as performed by the claimant **or** the past relevant work as generally performed in the national economy. See Pinto, 249 F.3d at 845 ("We have never required explicit findings . . . regarding a claimant's past relevant work both as generally performed **and** as actually performed.") (emphasis in original); Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Sanchez v. Secretary of Health and Human Svs., 812 F.2d 509, 511 (9th Cir. 1987). Sources of information about the requirements of past relevant work as it was actually performed by a claimant may include a properly completed vocational report and the claimant's own testimony. See Pinto, 249 F.3d at 845-46; Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *2; SSR 82-41, 1982 WL 31389, at *4.[2] The best source of information for how a claimant's past relevant work is generally performed in the national economy is the Dictionary of Occupational Titles ("DOT"). See Pinto, 249 F.3d at 845; see also Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995); 20 C.F.R. §§ 404.1566 (d), 416.966(d).

### 1. Home attendant

The ALJ found that plaintiff had a residual functional capacity ("RFC") for light work (with some additional physical limitations). (See AR 20.) The vocational expert testified that a person with this RFC could perform plaintiff's past relevant work as a home attendant as she actually performed it. (See AR 23, 67.)

The Commissioner's definition of light work, as used in the ALJ's RFC determination, contemplates an ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. See 20 C.F.R. §§ 404.1567(b), 416.967(b). However, evidence of how plaintiff actually performed the home attendant job reflects that plaintiff had to lift weight in excess of the limits of the ALJ's RFC determination: plaintiff stated that she frequently had to lift 25

---

[2]   Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

pounds. (See AR 241.)³ Since the demands of plaintiff's relevant work as a home attendant as she actually performed it exceeded the limitations contained in the ALJ's RFC determination, the Court finds that the ALJ erred in relying on the vocational expert's testimony for purposes of finding at step four that plaintiff could return to her past relevant work as a home attendant.

Although the Commissioner argues that the vocational expert's testimony about plaintiff's ability to perform the home attendant occupation was supported by plaintiff's testimony that her boyfriend accommodated her and that she received other assistance (see Jt Stip at 10), the Court does not find that plaintiff's testimony in this regard was dispositive. The Commissioner's argument is merely speculative because nothing in plaintiff's testimony clearly showed that the accommodations or assistance she had received while working as a home attendant reduced the demands of that occupation to light duty by, for example, reducing plaintiff's lifting requirements to no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. And to the extent that the record remains unclear about how plaintiff performed the home attendant occupation with the accommodations and assistance she had received, the ambiguity was attributable to the ALJ's failure to properly develop the record. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (an ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented by counsel); see also Garcia v. Commissioner of Social Sec., 768 F.3d 925, 930 (9th Cir. 2014); Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

//

---

³ The Court notes that although plaintiff stated on a form that she frequently had to lift 25 pounds, she also stated (confusingly) that the heaviest weight she lifted was 20 pounds. (See AR 241.) However, as plaintiff's counsel points out, plaintiff likely selected 20 pounds because the form did not give her the option to select 25 pounds as the heaviest weight. (See Jt Stip at 6-7; see also AR 241.)

4

            2.     <u>Cashier</u>

  The ALJ also found that plaintiff was capable of returning to her past relevant work as a cashier as that occupation is generally performed in the national economy. (<u>See</u> AR 23.) Because the DOT classifies the cashier occupation as light, <u>see</u> DOT No. 211.462-010, plaintiff is not arguing that the demands of the cashier job exceed her RFC, but is arguing instead that the cashier job did not constitute her past relevant work (<u>see</u> Jt Stip at 5).

  "Past relevant work" is work that a claimant has done in the past 15 years, that was substantial gainful activity, and that lasted long enough for a claimant to learn to do it. <u>See</u> 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). "Substantial gainful activity" is work activity that "involves doing significant physical or mental activities" on a full or part-time basis and is the "kind of work usually done for pay or profit, whether or not a profit is realized." <u>See</u> 20 C.F.R. §§ 404.1572(a) and (b), 416.972(a) and (b).

  The record reflects that plaintiff worked as a cashier for five months in 2006, a year during which plaintiff earned $8238.76, or approximately $686.56 per month. (<u>See</u> AR 66, 199, 239, 282.) The crux of plaintiff's contention for why the cashier job did not constitute her past relevant work is that her average monthly earnings for 2006 of $686.56 were less than the Commissioner's earnings threshold for substantial gainful activity in 2006, which was $860 per month. (<u>See</u> Jt Stip at 5.) The Court notes that plaintiff is ignoring Ninth Circuit authority that evidence of a claimant's earnings is only presumptive, not conclusive, of whether a job constituted substantial gainful activity. <u>See</u> <u>Lewis v. Apfel</u>, 236 F.3d 503, 515 (9th Cir. 2001). Evidence of plaintiff's low earnings for 2006 only entitled her to a presumption that shifted the step-four burden of proof to the Commissioner, who could have satisfied that burden with substantial evidence, aside from evidence of earnings, that plaintiff had engaged in substantial activity during that year. <u>See</u> <u>id.</u> However, since the Commissioner has made no effort to rebut that presumption, the Court finds that plaintiff has carried her

burden of showing that her job as a cashier in 2006 did not constitute substantial gainful activity and that the ALJ therefore erred at step four with respect to that job. See id. at 517 ("The Commissioner did not rebut the presumption that Lewis had not engaged in substantial gainful activity, and thus had not engaged in past relevant work. The ALJ erred at step four.").

**B.    The ALJ's step four error was harmless in light of the ALJ's alternative step five determination (Disputed Issue Two).**

Disputed Issue Two is directed to the ALJ's determination at step five of the sequential evaluation process that plaintiff could perform other work existing in significant numbers in the national economy. (See Jt Stip at 12-24.)

At step five of the Commissioner's sequential evaluation process, "the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); see also 20 C.F.R. §§ 404.1520(a)(1)(v), 416.920(a)(1)(v). The Commissioner has the burden of demonstrating that the identified jobs exist **either** in the region where the claimant resides (regional jobs) **or** in several regions of the country (national jobs). See Beltran v. Astrue, 700 F.3d 386, 389 (9th Cir. 2012) (citing 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B)).

Here, the vocational expert ("VE") testified that a person with plaintiff's limitations could perform the occupations of (1) inspector, which provides 6,000 regional jobs and 200,000 national jobs; (2) assembler, which provides 4,000 regional jobs and 200,000 national jobs; and (3) packager, which provides 8,000 regional jobs and 400,000 national jobs. (See AR 68.) The ALJ relied on this evidence to make an alternative finding that plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled. (See AR 24.) Plaintiff contends that the VE's job numbers were inflated based on comparison to information

from the Occupational Outlook Handbook ("OOH"), a publication of the Bureau of Labor Statistics. (See Jt Stip at 12-17.) For the following reasons, the Court rejects plaintiff's contention.

As an initial matter, plaintiff has cited no binding legal authority for the proposition that the Court must review the OOH or any other publication in order to determine whether substantial evidence supported the ALJ's reliance on the VE's testimony regarding job numbers. Although the Commissioner's regulations provide that the OOH is one of several competent sources of job information, they do not provide that the OOH is the definitive source. See 20 C.F.R. §§ 404.1566(d), 416.966(d). Moreover, the Ninth Circuit has held that an ALJ may rely on a VE's testimony as a reliable source of information about job numbers because a VE's "recognized expertise provides the necessary foundation for his or her testimony" and "no additional foundation is required." See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).[4]

Second, the job numbers proffered by plaintiff from the OOH are not helpful to the Court because plaintiff has not clearly explained her methodology for obtaining those numbers. For example, with respect to the inspector occupation, plaintiff challenges the VE's testimony that this occupation provides 6,000 regional jobs and 200,000 national jobs because, according to plaintiff's calculations, the OOH reveals that the similar occupation of "quality control inspector" provides only 19,700 national jobs. (See Jt Stip at 15.) It is unclear to the Court how plaintiff reached this

---

[4] Plaintiff cites Herrmann v. Colvin, 772 F.3d 1110, 1114 (7th Cir. 2014), for the proposition that courts should be able to verify job numbers provided by vocational experts and accepted by ALJs. (See Jt Stip at 16.) The Court finds that Herrmann has no application to plaintiff's case because (1) it is not a published Ninth Circuit decision; (2) the point for which it is being cited is not a part of that case's holding; and (3) it says nothing about challenging a VE's testimony with numbers taken from the OOH or other publications.

7

number because the Court's own review of the OOH, for the exact same occupation of quality control inspector, reveals that the occupation provides a total of 464,300 national jobs. See http://www.bls.gov/ooh/production/quality-control-inspectors.htm.

Third, even assuming arguendo that the alternative job numbers proposed by plaintiff were reliable, they still would establish the existence of a significant number of jobs in the national economy that plaintiff could perform. Although plaintiff has purported to offer alternative national job numbers for only two of the three occupations identified by the VE, those two occupations (inspector and packager) provide a total of 20,600 national jobs, by plaintiff's own calculations. (See Jt Stip at 15, 16.) This number is already within the range of a significant number of national jobs. See Gutierrez v. Commissioner of Social Sec., 740 F.3d 519, 528-29 (9th Cir. 2014) (holding that 25,000 national jobs constituted a significant number of jobs) (citing Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997) (10,000 national jobs significant)). And this number does not even account for the third occupation identified by the VE (assembler), for which plaintiff did not purport to offer a definitive alternative number but which by plaintiff's own admission may provide as many as 229,300 national jobs, based on the OOH. (See Jt Stip at 17.)

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: March 17, 2015

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE